UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ISMAEL NUNEZ,

       Petitioner,

v.                                                     Case No. 1:05-cv-470
                                                          (Related Criminal Case No. 1:95-cr-136)
                                                           (Related Civil Case No. 1:00-cv-293)

UNITED STATES OF AMERICA,

                                                           HON. GORDON J. QUIST

       Respondent.
_____/

## MEMORANDUM ORDER

       This Court has before it Ismael Nunez's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. On December 4, 1997, a jury found Petitioner guilty of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). On March 11, 1998, this Court sentenced Petitioner to 262 months incarceration. Judgment was entered on March 13, 1998. Petitioner appealed his conviction and sentence to the United States Court of Appeals for the Sixth Circuit, and his conviction and sentence were affirmed.

       Petitioner filed his first § 2255 motion on April 27, 2000. On May 26, 2000, this Court entered an Order dismissing the motion with prejudice and denying a certificate of appealability. Petitioner filed a motion to alter or amend the May 26, 2000, Order but this motion was denied on August 18, 2000. Petitioner appealed this Court's Order to the United States Court of Appeals for the Sixth Circuit, but the Sixth Circuit denied the application under section 2255 because Petitioner failed to make a substantial showing of the denial of a constitutional right.

       On July 11, 2005, Petitioner filed this second Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Petitioner's motion in this Court is a second petition because it

alleges new and different grounds for relief after a first motion was already denied. *See e.g. McClesky v. Zant*, 499 U.S. 467, 470, 111 S. Ct. 1454, 1457 (1991). Before this Court may entertain a second § 2255 motion, it must be certified by the Sixth Circuit to contain: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* 28 U.S.C. §2255; Rule 9, Rules Governing § 2255 Cases.

Thus, before a second motion is filed in the district court, the Petitioner must move in the court of appeals for an order authorizing the district court to consider the motion.[1]  *See id.* The instant motion was mistakenly filed in the district court. The appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Therefore,

IT IS ORDERED that this motion is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

Dated: July 19, 2005                                     /s/ Gordon J. Quist
                                                                        GORDON J. QUIST
                                                                        UNITED STATES DISTRICT JUDGE

---

[1] However, the Court notes that Defendant will face several hurdles even if the Sixth Circuit authorizes this Court to consider the motion. First, it appears that the one-year statute of limitations in which to file a § 2255 motion has expired. Second, Defendant's argument that he was sentenced unlawfully under *United States v. Booker,* ___ U.S. ___, 125 S.Ct. 738 (2005) must fail because the Sixth Circuit has explicitly held that the new procedural rule set forth in *Booker* does not apply retroactively to § 2255 cases on collateral review. *See Humphress v. United States,* 398 F.3d 855, 860-863 (6th Cir. 2005).